JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| Case No. F11-00939-HAR<br><br>In re DONALD TANGWALL,<br><br>Debtor(s) | In Chapter 7 |
|---|---|
| DONALD TANGWALL, individually;<br>DONALD TANGWALL, General Partner of Trickle Down Trucking, a Nebraska Limited Partnership,<br><br>Plaintiff(s)<br><br>v.<br><br>BARBARA WACKER, individually, jointly and severally; WILLIAM WACKER, individually, jointly and severally; BOOT PRINT RANCH, a Montana Limited Partnership, individually, jointly and severally; LARRY D. COMPTON, individually, jointly and severally<br><br>Defendant(s) | Adv Proc No F14-90016-HAR<br><br>MEMORANDUM GRANTING THE WACKERS' AND BOOT PRINT RANCH'S MOTION TO DISMISS THE CLAIMS AGAINST THEM [ECF No. 7] |

Contents                                                                                                                   Page

1.  SUMMARY OF DECISION ............................................... 2

2.  FACTUAL AND PROCEDURAL BACKGROUND ................................... 2

3.  ANALYSIS ............................................................ 5
    3.1. Rule 12(b)(6) ................................................ 5
    3.2. Plaintiffs' Cause 1 (Actual Fraud) Seeking to Avoid the Montana Judgments Will be
         Dismissed .................................................... 6
    3.3. Plaintiffs' Cause 2 (Loss of Use of Semi-Trailer) Seeking Damages from Third Parties
         Will be Dismissed ............................................ 6

4.  CONCLUSION .......................................................... 7

**1. SUMMARY OF DECISION**- The debtor, individually and for a partnership, sued the Wackers and Boot Print Ranch:

    (a)    to void Montana state court judgments against debtor, awarding $137,000 and title to the semi-trailer to the Wackers; and,

    (b)    to award the partnership damages due to the loss of use of a semi-trailer, ownership of which is claimed by the partnership.

I will grant the Wacker's Rule 12(b)(6) motion to dismiss because:

    (a)    the Montana judgment is entitled to full faith and credit; and,

    (b)    the court lacks subject matter jurisdiction to award damages to the partnership.

**2. FACTUAL AND PROCEDURAL BACKGROUND**- Some of the background is to paint a more complete picture and may be more than the concept of judicial notice allows. I will, however, pinpoint the specific background related to my decision on the Rule 12(b)(6) issue.

The debtor and the Wackers have been in a running legal battle since the early 2000's. Not only does it involve the debtor, but also his wife (Barbara Tangwall), his 86 year old widowed mother-in-law (Margaret "Toni" Bertrand, a debtor in her own chapter 7 bankruptcy in Alaska[1]), and a host of other entities that debtor apparently used to conduct business. Some of these business are named in one of the Montana judgments plaintiffs' seek to avoid.[2]

---

[1] Case No. F12-00501-HAR, In re Margaret A. Bertran. Bertran has recently filed a similar adversary proceeding against the Wackers and Boot Print Ranch, and Larry Compton, the chapter 7 trustee in both cases. Adv. No. F14-90019-HAR

[2] Exhibit A to the adversary complaint, ECF No. 1, pages 5-6, naming: BDRT L.P.; Bert Trust; Bort Limited Partnership; Diesel Don's; Friends Group, Inc.; 4 Bar B Ranch, L.P.; Baby Duck Trust; Toni Trust; and T.W. Trickle Down Trucking, L.P.

For the purposes of the Rule 12(b)(6) motion requesting dismissal of Cause 1 of the complaint (alleging Actual Fraud by the Wackers) in which plaintiffs seek to void the Montana judgements, I find that:

> the Wackers and Bootprint Ranch (spelled differently than the defendant in present adversary) sued the debtor in a counter-claim, and his wife Barbara and his mother-in-law Margaret Bertran in a third-party complaint filed in the district court in Musselshell County, Montana in Case No. 07-93.[3] The Wackers and Boot Print Ranch got two judgments which are attached as exhibits to the complaint:[4]
>
> (a) Exhibit A is a judgment entered on May 8, 2008 in favor of the Wackers and Bootprint Ranch on their third-party complaint against the third-party defendant business entities whose names are spelled out in footnote 2 for $137,161.47, plus interest at the legal rate.
>
> (b) Exhibit B is a judgment entered on May 19, 2011 in favor of the Wackers and Bootprint Ranch on their third-party complaint against the third-party defendants Barbara Tangwall and Margaret Bertran, and against plaintiff Donald Tangwall for (1) $137,551.47, plus interest at the legal rate; and (2) granting clear title to a 1999 Merritt Semi-Trailer, identified by its VIN.

---

[3]Case No. DV 07-93, <u>Donald Tangwall, plaintiff vs. Barbara Wacker; William Wacker; Bootprint Ranch, Defendants vs. Barbara Tangwall; Margaret "Toni" Bertran: et al [the numerous parties mentioned in footnote 2]</u>.

[4]Exhibits A and B to the Complaint, ECF No. 1.

MEMORANDUM GRANTING THE WACKERS'
AND BOOT PRINT RANCH'S MOTION TO
DISMISS THE CLAIMS AGAINST THEM [ECF No. 7]                                         Page 3 of 8

The plaintiff in the present adversary has not raised any due process issues attacking the Montana court's *in personam* jurisdiction of him, individually. Parenthetically, Donald Tangwall as trustee of Toni 1 Trust raised those issues successfully in an adversary in Ms. Bertran's case.[5]

As an aside, the debtor's attack on the two judgments was probably overruled in the main case when the court denied debtor's objection to the Wackers' claim. This may be law of the case, but the present decision will not rely on that doctrine. At the time the objection was filed a formal proof of claim had not been filed. The Wackers' filed a late proof of claim, POC No. 3, which was allowed as a late claim for $116,291.55 under 11 USC § 727(a)(3).[6] In doing so, I believe I orally ruled against the debtor on the same claims as he now raises in Cause 1, but I have not listened to the transcript to verify this.[7]

Again, for the purposes of the present Rule 12(b)(6) motion requesting dismissal of Cause 2 of the Complaint (alleging Loss of Use of Semi-Trailer by Trickle Down Trucking, LP), plaintiffs in this adversary allege that Trickle Down Trucking, L.P was not a party to the Montana lawsuit, Case No. 07-93 (the third-party defendant in the Montana law suit was "T.W. Trickle Down Trucking, L.P.") For the purposes of the Rule 12(b)(6) motion, I will assume that:

> the partnership plaintiff, "Trickle Down Trucking, a Nebraska Limited Partnership," is a different entity than the similarly named one in the Montana lawsuit. So, Cause 2 is a claim for damages by a third party to the

---

[5] Adv. No. F12-90037, Donald A. Tangwell, Trustee of the Toni 1 Trust v. Larry D. Compton, Bankruptcy Trustee; Barabara Wacker; William Wacker .

[6] ECF No. 54 (September 16, 2013), *Order Allowing Proof of Claim No. 3 as a Tardily Filed General Unsecured Claim*.

[7] *See*, the *Proceeding Memorandum* in the main case at ECF No. 53 for a hearing in the main case on September 16, 2013 ("For the reasons stated on the record, the court allows the Wackers Proof of Claim No. 3 as a tardily filed general unsecured claim under 11 USC § 726(a)(3)"). The *Proceeding Memorandum* identifies the location of the FTR audio record.

bankruptcy (Trickle Down Trucking, a Nebraska Limited Partnership) against other third-parties (the Wackers and Boot Print Ranch). I find this conflict will have no bearing on the bankruptcy estate, regardless of who wins.

The debtor, who now claims he is a general partner of Trickle Down Trucking, a Nebraska Limited Partnership, did not schedule this partnership asset in his bankruptcy.[8] But the court will not go into the potential judicial estoppel questions that this raises. It does suggest, that if he did have such a partnership interest when he filed his bankruptcy petition, it is the trustee, Larry Compton, not the debtor that would be the one who is authorized to determine whether or not to prosecute Cause 2.

**3. ANALYSIS**-

**3.1. Rule 12(b)(6)**-   I adopt by reference the statements in defendants' Rule 12(b)(6) motion setting out the procedures for addressing such motions.[9]

Given the basis of my rulings in Part 3.2 of this decision (that plaintiffs are barred by claims preclusion and full faith and credit from prevailing on Cause 1) and Part 3.3 (that the court lacks subject matter jurisdiction to grant the partnership a money judgment under Cause 1), I will not grant plaintiffs leave to amend. There is no amendment to the complaint that will get around these defects.[10]

---

[8] In Schedule B - Personal Property, Item 14, Interests in partnership and joint ventures, the debtor listed "none."

[9] Defendants' *Motion to Dismiss Adversary Action*, ECF No. 7, pages 2-3. FRCP 12(b)(6) is incorporated by FRBP 7012(b).

[10] *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

    **3.2. Plaintiffs' Cause 1 (Actual Fraud) Seeking to Avoid the Montana Judgments Will be Dismissed**- In the interest of brevity, I adopt by reference the reasoning of the Wackers' in their Rule 12(b)(6) motion entitled: "*2. Plaintiffs are estopped from asserting their claims in this forum because of the preclusive effect of the Montana judgments they attack*."[11]

    The court is bound to give the Montana judgments full faith and credit, and is not at liberty to litigate these issues again and again at debtor's behest.[12]

    **3.3. Plaintiffs' Cause 2 (Loss of Use of Semi-Trailer) Seeking Damages from Third Parties Will be Dismissed**- Again, in the interest of brevity, I adopt by reference the reasoning of the Wackers' in their Rule 12(b)(6) based on the statute of limitations entitled: "*1. Plaintiffs claims are barred by applicable statutes of limitations*."[13]

    On the other hand, I am not relying on the defendants' arguments for dismissal because Donald Tangwall is not authorized to represent the partnership, Trickle Down Trucking,[14] although the argument is valid.[15] If that were the only basis for granting the motion on Cause 2, I would give the partnership a chance to obtain counsel before dismissing.

---

[11] Defendants' *Motion to Dismiss Adversary Action*, ECF No. 7, pages 4-8.

[12] *In re Nourbakhsh*, 67 F.3d 768, 800 (9th Cir. 1995).

[13] Defendants' *Motion to Dismiss Adversary Action*, ECF No. 7, pages 3-4.

[14] *Defendants' Motion to Dismiss Adversary Action*, ECF No. 7, pages 9-10: "*4. Mr. Tangwall cannot represent Trickle Down Trucking, L.P. in this adversary action and he has no personal standing in this action.*"

[15] *Rowland v. Calif. Men's Colony*, 113 SCt 716, 721 (1993) ("Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, *partnerships*, or associations to appear in federal court otherwise than through a licensed attorney." [footnote omitted; emphasis added]).

MEMORANDUM GRANTING THE WACKERS'
AND BOOT PRINT RANCH'S MOTION TO
DISMISS THE CLAIMS AGAINST THEM [ECF No. 7]                                             Page 6 of 8

I do rely on the principle, not advanced by the parties, that the court lacks subject matter jurisdiction. Both the plaintiffs and the defendants claim that I do.[16] I don't agree.

The bankruptcy court is one of limited jurisdiction. Its jurisdiction is defined by statute.[17] To have jurisdiction the cause of action generally must have some effect on the bankruptcy estate.[18]

The claim of Trickle Down Trucking against the debtor has no effect on the estate or the debtor (except as an alleged partner). Even ignoring the fact that debtor's partnership interest belongs to the bankruptcy estate, not him, that interest is too remote to give this court jurisdiction.[19]

4. **CONCLUSION**- The court will enter an order dismissing the complaint against the Wackers and Boot Print Ranch, without leave to amend. There is no just reason for not making this a final judgment under Rule 54(b). The lawsuit remains against trustee Compton, but is exceedingly weak.

---

[16]The plaintiffs allege in ¶ 7 of the complaint (ECF No. 1): "The Court has jurisdiction in that B. Wacker and W. Wacker have filed a claim in Tangwell's bankruptcy estate, Case No: 11-00939." The defendants filed a *Defendants' Jurisdictional Statement*, stating the claims are non-core, but consenting to jurisdiction. ECF No. 14.

[17]*In re Ray* 624 F.3d 1124, 1130 (9th Cir. 2010).

[18]*In re Fietz*, 853 F.2d 455, 487 (9th Cir. 1985).

[19]*In re Berlin*, 151 B.R. 719, 723 (Bankr. W.D. Pa. 1993); *Matter of Minton Group, Inc.*, 46 B.R. 222, 225-26 (S.D.N.Y. 1985).

MEMORANDUM GRANTING THE WACKERS'
AND BOOT PRINT RANCH'S MOTION TO
DISMISS THE CLAIMS AGAINST THEM [ECF No. 7]                                                      Page 7 of 8

DATED: September 22, 2014

      /s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

<u>Serve</u>:
Donald Tangwall, for π
Erik LeRoy, Esq., for Δs Wacker and Boot Print Ranch
Larry Compton, Δ
Cheryl Rapp, Adv. Proc. Mgr.

MEMORANDUM GRANTING THE WACKERS'
AND BOOT PRINT RANCH'S MOTION TO
DISMISS THE CLAIMS AGAINST THEM [ECF No. 7]                          Page 8 of 8