JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —    (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| Case No. F11-00939-HAR<br><br>In re DONALD A. TANGWALL,<br><br>Debtor(s) | In Chapter 7 |
| DONALD TANGWALL, individually; DONALD TANGWALL, General Partner of Trickle Down Trucking, a Nebraska Limited Partnership,<br><br>Plaintiff(s)<br><br>v.<br><br>BARBARA WACKER, individually, jointly and severally; WILLIAM WACKER, individually, jointly and severally; BOOT PRINT RANCH, a Montana Limited Partnership, individually, jointly and severally; LARRY D. COMPTON, individually, jointly and severally,<br><br>Defendant(s) | Adv Proc No F14-90016-HAR<br><br>**MEMORANDUM FOR DISMISSAL OF COMPLAINT AGAINST LARRY COMPTON** |

Defendant trustee, Larry D. Compton, filed a motion to dismiss the complaint for failure to state a claim and because removal of a trustee should be pursued by motion, not an adversary complaint.[1]  No opposition has been filed.  The court will grant the motion to dismiss on both grounds.

A motion to remove a trustee must generally be based on some actual cause, although some cases consider the appearance of impropriety.[2]  In any event, it should have been pursued by a

---

[1] ECF No. 30.

[2] 3 *Collier on Bankruptcy*, ¶ 324.02[1], [2] (16th ed. 2014).

motion under FRBP 9014. Such a motion would have to at least flesh out the grounds on which removal is being sought.

The complaint states that Compton breached a fiduciary duty by failing to investigate the Wackers claim and because he "has shown himself to be prejudiced."[3]

The trustee's duty vis-a-vis the Wackers' claim is spelled out in 11 USC § 704(5): "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." In a FRCP 12(b)(6) motion,[4] the court can take judicial notice of certain facts.[5] I will take judicial notice that:

- no distribution has even been proposed at this time, and if one is never filed, the status of the Wackers' claim would be moot, so the debtor's challenge to Compton's performance of his duties is premature;

- if a distribution is proposed, the trustee can, at that time, file an objection to the Wackers' claim, if he chooses;

- the debtor has, himself, unsuccessfully challenged the Wackers' claim as spelled out in the court's memorandum for dismissal of debtor's complaint against the Wackers' claim on the grounds that the challenged Montana judgment on which the claim is based is entitled to full faith and credit;[6] and,

- the debtor was himself unsuccessful in a prior claims objection to the Wackers' claim.[7]

---

[3]Complaint. ECF No. 1, ¶¶ 24 and 26.

[4]Incorporated by FRBP 7012(b).

[5]*Daniels-Hall v. National Education Assoc.*, 629 F.3d 992, 998 (9th Cir. 2010).

[6]ECF Nos. 15 and 19.

[7]Main case ECF No. 54 (September 16, 2013), *Order Allowing Proof of Claim No. 3 as a Tardily Filed*
(continued...)

MEMORANDUM FOR DISMISSAL OF
COMPLAINT AGAINST LARRY COMPTON

Page 2 of 3

The conclusionary statement that the trustee is "prejudiced" in not sufficient to state a plausible claim in this scenario. If the complaint does not state a plausible claim, it should be dismissed.[8] The debtor's repetitive challenges to the Montana judgment on which the Wackers' claim is founded are beating a dead horse. The complaint against trustee Compton will be dismissed.

DATED: November 4, 2014

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Donald Tangwall, for π
Erik LeRoy, Esq., for Δs Wacker and Boot Print Ranch
Larry D. Compton, Δ
Cabot Christianson, Esq., for Δ
Cheryl Rapp, Adv. Proc. Mgr.

---

[7](...continued)
*General Unsecured Claim*.

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

MEMORANDUM FOR DISMISSAL OF
COMPLAINT AGAINST LARRY COMPTON